ACCEPTED
04-14-00620-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/24/2015 4:54:12 PM
KEITH HOTTLE
CLERK

# HAGOOD & NEUMANN

### ATTORNEYS AT LAW

1520 E. HIGHWAY 6
ALVIN, TEXAS 77511

GENE S. HAGOOD *  **
WILLIAM G. NEUMANN, JR. *

_____

BOARD CERTIFIED *
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

_____

SPECIALIST IN CIVIL TRIAL **
ADVOCACY BY THE NATIONAL

------

www.h-nlaw.com
ALVIN/HOUSTON

GALVESTON; TEXAS CITY
409 945-5757

TOLL FREE
1 800 632-9404

FAX
281 331-1105

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

06/24/15 4:54:12 PM
KEITH E. HOTTLE
Clerk

June 24, 2015

Court of Appeals
Fourth Court of Appeals, District
300 Dolorosa, Suite 3200
San Antonio, Texas 78205

> RE:   Cause No. 04-14-00620-CV; _Rosa Obregon Perez, et al vs. The Goodyear Tire & Rubbert Company_; In the Court of Appeals for the Fourth District of Texas at San Antonio.

To all of the Honorable Judges of Said Court:

Appellants submit this letter brief addressing the issue of whether Appellants' Notice of Appeal was timely and the case of <u>Gharda USA, Inc. v. Control Solutions, Inc.</u>, 58 Tex. Sup. Ct. J. 821 (Tex. May 11, 2015), that was mentioned by Appellees' counsel during oral argument.

Appellee contends that Appellants' appeal is untimely because their notice of appeal was not filed within thirty (30) days of the July 11, 2014 order granting Summary Judgment. Appellee does not dispute that Appellants' notice of Appeal was timely if the operative judgment was the trial court's July 30, 2014 judgment. In it's July 11, 2014 order, the trial court granted summary judgment only on Appellants' design defect and negligent design claims, but did not clearly dispose of all pending claims. This order did not clearly dispose of the Appellants' claim that Goodyear negligently failed to warn that the tire did not contain a nylon overlay and was at a high risk for tread separation.

Appelle relies on <u>Quanaim v. Frasco Restaurant & Catering</u>, 17 S.W. 3d 30 (Tex. App.-Houston [14th Dist.] 2000). The <u>Quanaim</u> Court recognized that a judgment is final and appealable when it determines the rights of all parties and disposes of all issues in a case. <u>Id</u>. at 35. After <u>Quanaim</u> was decided, the Texas Supreme Court in <u>Lehmann v. Har-Con Corporation,</u> 39 S.W. 3d 191 (Tex.2001), clarified when an order or judgment issued without a conventional trial can be taken to indicate finality. In <u>Lehmann</u>, a summary judgment order contained a Mother Hubbard Clause. The Court of Appeals dismissed the appeal as untimely perfected. The Supreme Court <u>reversed</u> holding that a Mother Hubbard

Clause does not indicate that a judgment rendered without a conventional trial is final for appeal purposes. Lehmann held that when there has not been a conventional trial on the merits, an order or a judgment is not final for purposes of appeal unless it actually disposes every pending claim and party, or unless it clearly and unequivocally states that it is finally disposing of all claims and all parties. Id. at 205.

In Lehmann the summary judgment order did not clearly dispose of all parties and all claims. For example, the order did not reference Virginia Lehmann's claims on behalf of her minor son against Har-con although it would appear that Har-con's summary judgment on its indemnity claim would effectively bar recovery for Virginia Lehmann's son. Id. at 193. The Supreme Court held that the summary judgment order was not a final judgment for appeal purposes since it did not dispose of all claims and all parties. In Lehmann, the Supreme Court held that right to appeal should not be lost by an overally technical application of law. Id. at 205. In Lehmann, the summary judgement order stated that motion for summary judgment of Har-Con Corporation is hereby granted and that all relief not expressly granted herein is denied. The Supreme Court held that nothing in the order indicates that it is a final judgment and it did not dispose of all pending claims and parties. Id. 206.

In the instant case, there is nothing in the July 11, 2014 summary judgment order that indicates that it is a final judgment and it clearly did not dispose of all pending claims.

In Castle & Cooke Mortgage, LLC v. Diamond T Ranch Dev., Inc., 330 S.W. 3d. 684 (Tex. App.– San Antonio 2010, no pet.), this Court held that a default judgment which did not contain an unequivocal expression of the trial court's intent to dispose of all of Diamond T's claims was interlocutory, and this Court dismissed the appeal for lack of jurisdiction. Id. at 689. This Court relied upon, In re Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W. 3d 827 (Tex. 2005), in which the Supreme Court held that the trial court's default judgment was interlocutory, concluding that it failed to dispose of the Plaintiff's claim for exemplary damages based on gross negligence. Id. 830. "Because the judgment [did] not dispose, of all claims, it [could not] be final unless its words 'unequivocally express'" an 'intent to finally dispose of the case'" Id. (quoting Lehmann, 39 S.W. 3d. at 200.)

Similar, in the instant case, since the July 11, 2014 order did not clearly and unequivocally state that finally disposed of all claims and all parties, it was interlocutory.

During oral argument, Appellee's counsel relied upon the recent Texas Supreme Court decision in Gharda USA, Inc. vs. Control Solutions Inc., 58 Tex. Sup. CT. J. 821 (Tex. May 11, 2015) in addressing the trial court's striking of Appellants' expert Woehrle. Counsel's reliance is misplaced. Gharda USA did not change the law regarding admissibility of expert witness testimony but involved an analysis of each expert's testimony to determine if it met, the Daubert / Robinson standards and contained no analytical gaps. Gharda USA is not a tire case and involves an entirely different fact

situation from the instant case. Appellants submit that Woehrle based his opinions on the facts, Goodyear internal documents and the testimony of the Goodyear employees, his experience, and his career experience in forensic tire examinations. Gharda USA does not support Woehrle's exclusion.

Respectfully Submitted,

William G. Neumann, Jr.
Attorney for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be sent to the following parties of record:

J. Michael Myers
NATHAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
*Attorneys for Appellee*
*The Goodyear Tire & Rubber Company*

William G. Neumann, Jr.